ANDREW CARBERRY *vs.* WILLIAM FARNSWORTH & another.

Suffolk.    November 19, 1900. — January 3, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

In a contract for mason's work and grading the specifications contained the requirement "Fill the walls solidly as laid with mortar, carefully pointed inside and outside above ground. Below ground, the outside of walls to be as smooth as possible, and plastered from footings to grade with ½ cement mortar; this is to be allowed to dry and the wall approved before the filling is commenced." *Held,* that the words "above ground" qualified only the words "carefully pointed inside and outside," and that the contract was to build solid walls with mortar below as well as above ground.

In an action of contract on an account containing fifteen items, the jury found for the plaintiff, and by an oversight included in one of the items a claim which the plaintiff had waived at the trial. The defendant took no action in regard to the correction of this error, and a general verdict covering all the items was recorded. *Held,* that, had there been no other error, the verdict would not have

been disturbed, but, there being error in another item by reason of which the plaintiff was required to remit a part of the amount found due or to lose his verdict, the correction of the first named error was also required.

CONTRACT, to recover compensation for work and materials alleged to have been done and furnished by the plaintiff for and at the request of the defendants.    Writ dated April 10, 1896.

At the trial in the Superior Court, before *Braley*, J., the following facts appeared:

The work for which the plaintiff sought to recover consisted of grading, stone work, and pipe laying upon the defendants' estate in Dedham, and the materials were furnished in connection with that work.    The plaintiff had done certain similar work, other than that for which compensation was sought in this suit, under a written contract with one Whitcomb, who was the principal contractor employed by the defendants, and for such other work Whitcomb had paid him, or had agreed to pay him.    The fifteen items, upon which the case went to the jury, represented work and materials which the plaintiff contended were not required by his contract with Whitcomb, but were performed and furnished, not at the request of Whitcomb, but at that of one Smith and of one Longfellow, alleged to be agents of the defendants authorized to make such request in the defendants' behalf.

The defendants entered into a contract with Whitcomb to provide all the work and materials for a house, stable, and grounds on a hill at Dedham, Massachusetts, to be constructed according to plans and specifications, and under the direction of the defendants' architects, Longfellow, Alden, and Harlow.

Whitcomb sublet the blasting, excavating, roadbeds, drainage and mason work to the plaintiff.    The plaintiff's contract with Whitcomb was in the following language, signed by the plaintiff: " I agree to do all work called for as per these Specifications dated May 1, and May 13th 1895 for the sum of Thirty-Six hundred & Ninety, $3,690 Dolls."    This contract was written at the end of the specifications.

The specifications annexed to the contract of the plaintiff were copies of the specifications annexed to the contract of the defendants with Whitcomb, so far as they related to the work sublet.

Item 3 of the plaintiff's claim was as follows: " To building mortar wall below grade 106 yds. at $3.50, $371."

In the specifications for mason's work, under the head " Stonework," occurred the following :

·" Fill the walls solidly as laid with mortar, carefully pointed inside and outside above ground.

".Below ground, the outside of walls to be as smooth as possible, and plastered from footings to grade with ½ cement mortar ; this is to be allowed to dry and the wall approved before the filling is commenced.

" Fill in at the foot of the wall a blind drain of broken stone, graded to point ' Z,' and then fill in with gravel and loam around all mason work, after inspection by the architects, and ram hard."

The specifications for drainage contained the following :

" All stonework to be laid dry, except where otherwise specified, wall well built, not less than 18″ thick, well backed up, cemented around drain pipe for 2′–0″ at every entry and exit."

The case had been referred to George Z. Adams, Esq., as auditor, and his report was read to the jury. He found that the plaintiff was entitled to recover on Items 5, 10, and 11, and fixed the amount at $128. At the trial the defendants asked the judge to rule, that there was no evidence to warrant a verdict on the items on which the auditor did not find for the plaintiff, and specifically as to each item, but the judge declined so to rule, and submitted the whole case to the jury, to which the defendants excepted. The jury found a general verdict for the plaintiff of $3,045.10.

When the jury returned their verdict certain questions, as to their findings on the several items, were asked by the presiding judge and answered by the foreman of the jury.

To a question of the judge in regard to Item 12, the answer of the foreman disclosed the fact, that the jury had included in their computation of this item a claim of $44 which had been waived by the plaintiff at the trial. No action in regard to the correction of this error was taken by the defendants,· and the verdict was recorded.

The defendants alleged exceptions.

The questions of fact raised by the exceptions appear in the opinion of the court.

*C. K. Cobb*, for the defendants.

*Asa P. French & N. L. Sheldon*, for the plaintiff.

KNOWLTON, J.  This is an action to recover for extra work in grading, and laying pipes, and stone work on an estate of the defendants in Dedham.  The plaintiff was a sub-contractor under one Whitcomb, who had a contract to build a house and stable, and to grade and prepare the grounds.  The plaintiff's contract with him included all the grading, trench digging, stone work and pipe laying, according to the plans and specifications in the contract betweeen Whitcomb and the defendants. It was in evidence that the land was wild land, and very high — a ledge of mountain and forest — when the plaintiff went to work there.

In the progress of the work certain changes were made, some of which were admitted by the defendants to be departures from the original contract, in order the better to complete the construction according to their general purpose and desire.  In regard to most of the changes the parties are in dispute, the defendants contending that they were either corrections of mistakes of the plaintiff in the work under the contract, or made for his convenience, to save him from greater expense which would have been involved in complying literally with the requirements of the contract; while the plaintiff contends that they were directions for additional work.  The defendants, who were husband and wife, were hardly ever on the ground on working days during the progress of the work, but the defendant, William Farnsworth, made three voyages to Europe during the time, and he was represented in the supervision of the work by one Smith, and by Longfellow, the architect.  Most of the changes were made as a result of conversation between the plaintiff and Smith, who was on the premises very often to see what was being done.  The principal question before us arises on the refusal of the judge to give two instructions requested by the defendants: " First. There was no evidence to warrant a verdict for the plaintiff except upon the items contained in the auditor's report.  Second. The same request in detail as to each item of the declaration, except as to those items in which the auditor found for the plaintiff."

The first question is whether there was any evidence to warrant a finding that Smith was authorized to make changes in the work to be done under the specifications, and to bind the

defendants by his directions for such work. We have no hesitation in saying that there was such evidence. The plaintiff testified that the defendant, William Farnsworth, said that he was busy, or was about to go away, and that he had left Smith and the architect Longfellow there to represent him. Smith testified that, assuming to represent the defendants, he directed certain work to be done outside of the specifications, and that they never objected. Under the circumstances of the case, it does not require much direct testimony of authority, to prove that Smith was left to represent the defendants, with a certain discretionary power to change details as might be necessary to accomplish their general purpose in erecting the buildings. He had laid out the grounds for the defendants, and prepared the plans for the work which the plaintiff contracted to do. As excavation proceeded, the existence of solid ledges beneath the surface, as well as other causes, naturally suggested some changes, and the jury might well find from the testimony that Smith was authorized to order them to be made. The finding of this authority extends to all the items claimed by the plaintiff.

The next question is whether there was evidence that the plaintiff did work outside of his contract under Smith's direction. The question before us is not what is the weight of the evidence, but whether there was any evidence in favor of the plaintiff on this point. Looking at the printed report of the testimony, we think it probable that the conclusion of the auditor was correct rather than that of the jury. But we think there was evidence on which the jury might find as to each item that the plaintiff did work outside of his contract by direction of the defendants' representative, and although as to most of this work it seems probable that it was demanded and performed as a part of that required by the contract, we cannot say as matter of law that the judge was bound so to rule, or the jury so to find. It would serve no useful purpose to consider the testimony as to each item in detail. We are of opinion that this question was rightly submitted to the jury.

It was in dispute whether the profile plan of the driveway extending into the street was in existence when the contract was signed, and the question whether the driveway terminated at the line of the street or extended to the centre of it, was properly left to the jury.

In regard to the third item, there was an error of law in the instructions. The specification for the drainage has this language: " All stone work to be laid dry, except where otherwise specified," etc. In the specifications for masonry for the house and stable is this requirement: " Fill the walls solidly as laid with mortar, carefully pointed inside and outside above ground. Below ground, the outside of walls to be smooth as possible, and plastered from footings to grade with ½ cement mortar; this is to be allowed to dry and the wall approved before the filling is commenced." The judge instructed the jury that the walls of the buildings below the ground were to be laid dry under the contract, and that if the plaintiff filled them with mortar at the request of Smith, he was entitled to be paid for it as extra work. We think that the specification in regard to drainage has no application to the walls of the buildings, and that the provision that the walls below ground were to be plastered implies that they were not to be dry walls, but laid in mortar. Going back to the previous sentence, we are of opinion that the words, " above ground " qualify " carefully pointed inside and outside," leaving the clause, " fill the walls solidly as laid with mortar," to apply to the walls both above and below the surface of the ground. The word " filling " near the end of the quoted requirement refers to filling with earth around the walls. The jury in reply to an inquiry of the judge, when they returned their verdict, said that they allowed the plaintiff $50 on this item. This error can be corrected by the remission of this amount by the plaintiff.

It also appeared from an answer of the jury at the same time, that the jury, by an oversight, allowed $44 for a part of item twelve, for which the plaintiff had waived his claim. Inasmuch as no request nor ruling was made in regard to this, the verdict would not be disturbed on account of it if there were no other error; but since the exceptions must be sustained unless the plaintiff remits the amount allowed under item three, this mistake may well be corrected at the same time. The order therefore will be,

> *Exceptions sustained, unless the plaintiff remits from the verdict $50 and $44, $94 in all, with interest from the date of the writ to the date of the verdict. If he remits this amount within fifteen days after the rescript is sent, the entry will be, Exceptions overruled.*