Thomas B. Rice *vs.* Charles L. James & another.

Suffolk. November 16, 1906. — January 2, 1907.

Present : Knowlton, C. J., Hammond, Loring, Braley, & Sheldon, JJ.

*Agency. Evidence,* Opinion, Hearsay. *Practice, Civil,* Exceptions.

In an action for the price of lumber sold and delivered, where the question is whether the lumber was bought from the plaintiff for the defendant by a certain lumber broker while acting as the authorized agent of the defendant, a witness for the plaintiff should not be permitted to testify that the broker alleged to have bought the lumber was at that time the authorized agent of the defendant for the purchase and sale of goods for his account, this being a statement of the opinion of the witness.

The exclusion of an answer of a witness is no ground for exception if it does not tend to show the facts sought to be established by it, or if such facts have been admitted by the other side.

In an action for the price of goods sold and delivered, where the plaintiff seeks to show the liability of the defendant by proving a sale to a broker alleged to have been the agent of the defendant, if the broker is not a party or a witness in the case, a letter written by him to an outside person offered in evidence by the plaintiff should be excluded as mere hearsay.

In an action for the price of goods sold and delivered, where the plaintiff seeks to show the liability of the defendant by proving a sale to a broker alleged to have been the defendant's agent, if there is evidence that in all the transactions with the plaintiff in which the broker represented the defendant he was given special authority for each transaction and never acted under a general authority, it is proper for the presiding judge to refuse a request of the plaintiff for an instruction as to the effect of previous purchases, as a ground for inferring authority to make like purchases afterwards, which recognizes no difference between purchases made under a special authority for each occasion and purchases made as a general agent.

Where at a trial an undisputed fact, asserted by one side and testified to by the other, repeatedly was referred to by the presiding judge in his charge as a fact that the jury might find, his refusal to state this fact in terms to the jury, which

would have given his charge the effect of an argument, is no ground for exception.

In an action for the price of goods sold and delivered, where the plaintiff seeks to show the liability of the defendant by proving a sale to a broker alleged to have been his agent, if it appears that the broker at a previous time was employed by the defendant as his local agent, it is right for the presiding judge to instruct the jury not to consider the former use by the broker of letter heads bearing the defendant's name on which the broker was designated as the defendant's local agent.

In an action for the price of goods sold and delivered, where the plaintiff sought to show the liability of the defendant by proving a sale to a broker alleged to have been his agent, there was evidence that in all the previous transactions with the plaintiff in which the broker represented the defendant he was given special authority for each transaction and never acted under a general authority, but there was no evidence that before the transactions in question the defendant ever notified the plaintiff of any limitation of the agent's authority. The plaintiff asked for an instruction in regard to the agent's ostensible authority. The judge refused to give the particular instruction requested, and in his charge to the jury, after referring to a single transaction as generally insufficient to warrant a finding that there was authority to act in other later transactions, added " but sometimes the conduct, where it covers a long period of time, or a variety of transactions, will render a person liable for the acts of a person as his agent when it was not his intention to constitute the person as his agent." The substance of the charge was that, if persons were allowed to deal with an agent on his own representations that he had authority to act for his principal, and the principal recognized the dealings as valid and gave no notice of any change in the conditions, he might be bound by subsequent transactions of a similar kind, even though they were unauthorized or expressly forbidden. *Held*, that the plaintiff had no ground for exception.

CONTRACT for a balance of $370.96 and interest, for lumber sold and delivered by the plaintiff to the defendants. Writ in the Municipal Court of the City of Boston dated August 30, 1900.

On appeal to the Superior Court the case was tried before *Bond*, J. The declaration was upon an account annexed and covered fifty-five items, showing charges of $1,726.67 and credits of $1,355.71, leaving the balance claimed to be due as stated above. The charges covered the period from August 13, 1897, to April 23, 1898, inclusive. The plaintiff was a wholesale and retail dealer in lumber and a manufacturer of boxes and box shooks, with his mills and offices in the city of Philadelphia. The defendants were wholesale and retail lumber dealers, with their usual place of business in Boston. After the bringing of this action the defendants tendered payment for items amounting to $107.97 included in the account annexed, and at the trial they

admitted liability for those items. This left as the only matter in dispute items nine to nineteen inclusive, all embraced in one transaction of March 12 and 14, 1898, amounting to $262.99. The defendants had no direct dealings with the plaintiff, but all of the items charged in the account, for which payment was made or tendered, had been purchased in Philadelphia by one J. Stewart Knight, who, the plaintiff alleged, was the regular and duly authorized agent of the defendants. The defendants disputed the charges of March 12 and 14, 1898, and asserted that Knight was not authorized to buy this particular lot of lumber in their behalf, and did not, as a matter of fact, make the purchase, but only inquired the price. The evidence for the plaintiff was entirely by depositions, except that Charles L. James, one of the defendants, was called to the stand by the plaintiff and examined, and produced copies of all the correspondence between the plaintiff and the defendants relating to the account, together with two letters from Knight to the defendants.

At the close of the evidence the plaintiff asked the judge to give the following instructions :

" 1. If J. Stewart Knight claimed to the plaintiff to be the agent of the defendants, and bought goods in their behalf from the plaintiff prior to March 12, 1898, for which goods the defendants have made or tendered payment to the plaintiff, then it makes no difference what limits the defendants may have placed upon J. Stewart Knight's authority to buy in their behalf unless they notified the plaintiff of those limitations prior to the sale of March 12, 1898.

" 2. If the plaintiff was justified in believing J. Stewart Knight to be the agent of the defendants and authorized to buy goods in their behalf on March 12, 1898, then you will find for the plaintiff in the sum of $370.96 with interest at the rate of six per cent. from August 31, 1898.

" 3. There is no evidence that the defendants ever notified the plaintiff prior to March 12, 1898, of any limitation of J. Stewart Knight's authority to purchase lumber from the plaintiff in their behalf."

The judge refused to give any of these instructions. The jury found for the plaintiff in the sum of $131.34; and the plaintiff

alleged exceptions relating to the exclusion of certain evidence offered by him, to the refusal of the foregoing instructions and to a portion of the judge's charge. The questions raised by the exceptions are described in the opinion.

*F. M. Forbush & H. Tirrell*, for the plaintiff.

*W. R. Sears*, for the defendants.

KNOWLTON, C. J. The exceptions first argued by the plaintiff relate to the exclusion of evidence. To prove his case the plaintiff called one of the defendants, and, besides letters and papers, he introduced the depositions of three other witnesses, two of whom were clerks in his office and the other a yard foreman. This was all the evidence in the case. Three of these witnesses testified as fully as the plaintiff desired. Certain questions and answers in the deposition of the other were excluded. These, so far as material, were all offered to show the authority of one Knight to bind the defendants by a purchase of the lumber charged in the disputed items. The testimony on the subject of his authority is that, several years before the transactions in question, he was the manager and agent, in Philadelphia, for the defendants, who were lumber merchants in Boston, although the plaintiff never dealt with him in that capacity, and that this relation to the defendants had terminated long before the purchases for which this action was brought. At the time of these purchases he was a lumber broker and commission merchant, acting for different persons, and sometimes buying lumber on his own account. A witness testified that, in all the transactions with the plaintiff in which, at different times, Knight represented the defendants, he was given special authority in each case, and never acted under a general authority. All this testimony was uncontradicted. It appeared that, at different times from August 13, 1897, to April 23, 1898, the defendants bought lumber of the plaintiff through him, which was charged in thirty-eight items, although often a single transaction was represented by several items. All of these items were undisputed. The only controversy was in regard to eleven items, charged on March 12 and March 14, and representing only one transaction. The question was whether Knight bought the lumber charged in these eleven items, and if so, whether he was acting for the defendants, under their authority. The first excluded

testimony to which the exceptions relate was an answer of the witness, as follows: "He was at that time the recognized, authorized agent of James and Abbott, of Boston, the defendants in this case, for the purchase and sale of goods for their account," and several other similar answers. The plaintiff was permitted to show any facts that would tend to establish Knight's agency. This answer was simply the opinion and conclusion of the witness, from facts that he had observed, and was plainly incompetent. All the answers containing a statement of this kind were rightly excluded.

The sixteenth interrogatory was, "Had you previous to this date received messages by telephone from J. Stewart Knight, ordering lumber for James and Abbott of Boston? If so, give particulars." The witness answered: "I had many conversations previous to this date over the telephone with J. Stewart Knight in relation to prices and orders for lumber but it is impossible for me to remember particulars at this time." The fact that he had many conversations with a lumber broker about this time, in reference to prices and orders, without more, was wholly immaterial. This answer does not show that the witness remembered whether any orders were given for the defendants, or whom Knight professed to represent, or whether he represented anybody but himself in making these inquiries. Besides this, the witnesses testified that "every item on the list [meaning the forty-nine items] was ordered by J. Stewart Knight for account of James and Abbott and was so treated in the books of Thomas B. Rice."

The excluded answer to the seventeenth interrogatory was not strictly responsive, as the question referred in terms to a single order, while the answer was given in the plural.* Besides, this answer was covered by the testimony just quoted, and the facts referred to in it were admitted by the defendants and their counsel at the trial. There was no error in the exclusion of any part of the testimony.

---

* The interrogatory and answer were as follows:

"Int. 17. Was said order filled and goods so ordered shipped on account of James and Abbott and did they pay for the same?" "A. Previous orders received from J. Stewart Knight were shipped as on account of James and Abbott who paid the bill."

The letter of Knight, written to the lumber exchange of Philadelphia, was rightly excluded. Knight was not a party or a witness in the case, and the letter was mere hearsay.

The first instruction requested was rightly refused. It recognized no difference as to the effect of purchases made at different times under a special authority for each time, and purchases made as a general agent, in reference to inferring authority to make like purchases afterwards.

The judge was not bound to tell the jury in terms that there was "no evidence that the defendants ever notified the plaintiff prior to March 12, 1898, of any limitation of J. Stewart Knight's authority to purchase lumber from the plaintiff in their behalf." This was an undisputed fact in the case, affirmed by the plaintiff and testified to by one of the defendants, and the judge referred to it repeatedly in his charge as a fact that the jury might find. He was not obliged to state this particular part of the testimony for the purpose of giving his charge the effect of an argument.

The judge rightly told the jury that they were not to consider the former use of the letter heads by Knight when he was employed as the defendants' local agent.*

The last exception is to the instruction in regard to ostensible authority. The statements in this part of the charge are not so clear as they are in the rest of it, but we have no doubt that the judge's view of the law, and his statement of it as he intended the statement to be understood, were correct. After referring to a single transaction as generally insufficient to warrant a finding that there was authority in other later transactions, he added, "but sometimes the conduct, where it covers a long period of time, or a variety of transactions, will render a person liable for the acts of a person as his agent when it was not his intention to constitute the person as his agent." Then follows the statement to which exception is taken. We think the meaning of the language objected to is not that there was necessarily to be any formal arrangement between the principal and his agent that he should make particular representations as to his authority; but merely a general understanding by the principal

---

* These letter heads bore the firm name of the defendants with the address of their Philadelphia office and designated Knight as "Manager for New York, Pennsylvania and New Jersey."

that people might deal with the agent upon his own representations of his authority, without anything from his principal. The substance of the charge was that, if people were allowed to deal with an agent in such a way, and the principal recognized these dealings as valid, and gave no notice of any change in the conditions, he might be bound by subsequent transactions of a similar kind, even though they were unauthorized or expressly forbidden. No particular objection to this part of the charge was pointed out, and no request for other instructions was made· We are of opinion that the jury were not misled, and this exception must be overruled.

*Exceptions overruled.*