JOHN H. CAHILL & another *vs.* DELIA C. PHELPS.

Suffolk.   March 3, 1908. — April 3, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Contract,* What constitutes.   *Evidence,* Relevancy and materiality.

At the trial of an action of contract to recover for storing furniture of the defend-
ant from April, 1903, to September, 1906, it appeared that, previous to April,
1903, the premises where the furniture was stored had been occupied by the
plaintiff's father and that the furniture was stored there under an arrangement
between him and the defendant's father ; that in April, 1903, the plaintiff's and
the defendant's fathers both having died, the plaintiff ceased to occupy the
premises and had an interview with the defendant in which he asked the de-
fendant to remove the furniture, and told him he would charge him a cer-
tain amount for storage as long as it remained where it was.   The defendant
said he would remove the furniture and would pay for its storage until re-
moved ; but he did not remove it, and, in September, 1906, the plaintiff caused
it to be removed.   The plaintiff at no time had any title to the premises where
the furniture was stored, but had a key to them and frequently went there and
examined the furniture, and the owner permitted him to leave the furniture
there.   It appeared that the plaintiff repeatedly had sent bills for the storage to
the defendant, who never had denied that he owed the plaintiff for the storage
until the bringing of the action.   *Held,* that there was evidence from which
the jury were warranted in finding that the plaintiff had such a right to posses-
sion of the premises that he could give the defendant the right to store the
furniture there, and that the defendant had promised to pay for the storage.

At the trial of an action of contract to recover from the defendant the expense to
the plaintiff of removing to a storage warehouse furniture of the defendant
which the plaintiff had been storing for him under an agreement, it appeared
that the defendant had not paid for such storage according to the agreement,
and that the premises where the furniture was stored had been sold to one who
demanded of the plaintiff that the furniture be removed.   The plaintiff offered
in evidence two letters written by him to the defendant demanding that he
pay the storage charges and remove the furniture at once, and stating that, un-
less the demand was complied with, the plaintiff would remove the furniture and
store it at the defendant's expense.   The presiding judge admitted the letters
and the defendant excepted.   *Held,* that the letters were admissible as tending
to show knowledge on the part of the defendant of the circumstances under
which the furniture was removed and as thereby rendering the defendant liable
for the expense of removal.

CONTRACT upon an account annexed.   Writ in the Municipal
Court of the City of Boston dated October 5, 1906.

After appeal to the Superior Court, the plaintiffs were allowed
to amend their writ and declaration by striking out all the plain-

tiffs excepting Mary Cahill, and by striking out all items in the account annexed excepting the following:

" Storage and care of personal property from April 23, 1903, to Sept. 23, 1906, at $6.00 per month  $246 00

Oct. 3, 1906, moving furniture and other personal property from Dedham, Mass., to Boston Storage Warehouse, 6 double loads at $10.00 a load . . . . . . . . . . . . . . .          60 00 "

At the trial, which was before *White*, J., Mary Cahill testified that the furniture was stored in a building in Dedham known as Norfolk Inn some years before 1903 by the defendant's father, since deceased, under an arrangement made between him and the plaintiff's father. The plaintiff's father never owned the premises, nor had any interest in the estate except to live there, rent free, in return for caring for the premises. The plaintiff did not have any title to the property, nor had she exercised any authority over it since the removal of the family, except that she always, from April 23, 1903, until the removal of the furniture on October 3, 1906, had kept a key to the house, and occasionally had gone upon the premises and looked at the furniture stored by the defendant's father. The plaintiff had permission from the owner of the premises that the goods should remain there. Bills were sent to the defendant, charging storage at the rate of $6 per month and no objection to such charge ever was made by the defendant until after this action was begun. On April 23, 1903, after the death of her father, she had a conversation with the defendant, in which she said to the defendant that her father had died and she no longer occupied the building where the furniture was stored, and requested the defendant to remove it. The defendant said she would remove the furniture and pay the storage then due as soon as she could. The plaintiff then told the defendant that she should claim the sum of $6 per month thenceforward for the storage of the furniture until it was removed, and the defendant promised to pay her that sum from that date until the removal of the furniture. In September, 1906, the plaintiff, receiving notice from one Gifford, a new owner of the building where the furniture was stored, that it must be removed at once, caused her attorney to write the following letters to the defendant: " September 22, 1906. The

alterations being made in the old Norfolk Inn, so called, in Dedham, have reached a stage which makes it necessary that your goods which are stored there be moved at once, and, as the promise which I understand you made last Monday to Mrs. Gifford and Miss Cahill, to the effect that you would settle storage charges and remove the goods at once, has not been kept, I am instructed to notify you that if the matter is not settled on or before Tuesday next the goods will be moved and stored at your expense, and immediate steps taken to have them sold to pay legal charges. If you do not settle the matter before the above date, and have any suggestion to make as to where you prefer to have the goods stored, please let me know. They will of course be stored in the name of the parties who now have possession of them in order to preserve their lien, and, unless we hear from you to the contrary, they will probably be put into one of the regular storage warehouses in Boston. I trust you will see that under the circumstances you will be obliged to act at once if you wish to avoid the proceedings above mentioned."

"September 29, 1906. Your goods in the old Norfolk Inn, so called, in Dedham, have not yet been moved for the reason that the furniture movers have been very busy and I have been unable to arrange to have the work done. I have now definitely arranged to have the goods moved on Wednesday next, and they will then be stored in the Boston Storage Warehouse, unless the amount due is paid before that time and the goods removed by you. As stated in my former letter, if you have any other place in mind where you would prefer to have the goods stored, please let me know."

The foregoing letters were admitted in evidence subject to exceptions by the defendant.

The defendant having failed to comply with the requests contained in the letters, the furniture was moved to the Boston Storage Warehouse, where it was stored in the names of John and Mary Cahill. There was evidence that the charge for moving was reasonable.

At the conclusion of the evidence, the presiding judge refused to direct a verdict for the defendant.

The jury returned a verdict for the plaintiff for $257, and the defendant alleged exceptions.

The case was submitted on briefs.

*J. M. Browne & M. H. Browne*, for the defendant.

*J. H. Soliday*, for the plaintiff.

MORTON, J. There was evidence tending to show that the plaintiff had such possession of the premises where the goods were stored that she could and did give the defendant the right to store the goods there, and that the defendant promised to pay her for such storage. The weight of the evidence was for the jury. There being evidence which, if believed, warranted a verdict for the plaintiff, the court properly refused to direct a verdict for the defendant as requested by her.

The letters were rightly admitted as tending to show knowledge on the defendant's part of the circumstances under which the goods were removed by the plaintiff to the storage warehouse, and as thereby tending to show a liability on her part for the expense of removal.

*Exceptions overruled.*