CYRIL J. LARIVEE *vs.* MICHAEL A'HEARN.

Suffolk. November 10, 1910. — January 4, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Contract,* Construction. *Agency,* Scope of authority. *Architect.*

A contract in writing between an architect and one for whom the architect was supervising the construction of a building provided that the owner of the building should employ the architect " to supervise and direct the construction of said building and to make all contracts for the furnishing and erection " of it for the owner and in his behalf, that the owner should furnish at a certain hour on each Saturday " such sums of money to cover the expenditures of the preceding week as may appear to be necessary from an estimated list made up by said architect and furnished said owner before the close of business on Friday preceding," that the owner should keep in the hands of the architect a sum not greater than $100 as an " expense fund for the defraying of small incidental expenses connected with said work," and that the owner should " furnish to said architect a sum of money sufficient to pay all lumber bills and material bills within such time after the delivery of the materials as will enable the architect to take the cash discounts " ; and the architect agreed " to supervise and direct the construction of said house in accordance with said plans and specifications, to receive bids for the various parts of the work and to make contracts therefor in the name of the owner, to verify all material and labor bills and to pay for the same with money to be furnished by the owner." In an action by one who at the request of the architect furnished lumber which was used in the construction of the house, the owner knowing neither of the ordering, furnishing or using of the lumber, it was *held,* that the architect had authority to contract in behalf of the owner for materials used in the construction of the house.

CONTRACT upon an account annexed for the purchase price of certain lumber. Writ in the Municipal Court of the City of Boston dated November 20, 1908.

On appeal to the Superior Court the case was tried before *Hardy,* J. It appeared that the defendant executed a written contract with one A. Y. Pearl, an architect, with regard to the construction of a house for the defendant, the material portions of which are as follows :

The defendant agreed to " employ the said architect to supervise and direct the construction of said building and to make all contracts for the furnishing and erection of the different portions thereof for him and in his behalf.

" To furnish by ten o'clock A. M., on each Saturday, such sums of money to cover the expenditures of the preceding week as may appear to be necessary from an estimate list made up by said architect and furnished said owner before the close of business on Friday preceding.

" To place in the hands of said architect before the commencement of the work, the sum of One Hundred Dollars ($100) as an expense fund for the defraying of small incidental expenses connected with said work, and to replenish this sum from time to time as becomes necessary.

" To furnish to said architect a sum of money sufficient to pay all lumber bills and material bills within such time after the delivery of the materials as will enable the architect to take the cash discounts. . . ."

The architect agreed " to supervise and direct the construction of said house in accordance with said plans and specifications, to receive bids for the various parts of the work and to make contracts therefor in the name of the owner, to verify all material and labor bills and to pay for the same with money to be furnished by the owner."

At the request of Pearl the lumber described in the account annexed to the plaintiff's declaration was delivered and used in the construction of the house and the price set forth in the plaintiff's declaration was a reasonable price for the lumber described therein. It did not appear that the defendant had any knowledge of the delivery or that he had any knowledge of the fact that the lumber was used in the construction of the house.

At the close of the evidence, the defendant asked the presiding judge to rule as follows:

" 1. Upon all the evidence in the case, the verdict should be for the defendant.

" 2. Upon all the evidence in the case, the jury cannot find that A. Y. Pearl was authorized by the defendant to enter into any contracts for the materials described in the plaintiff's declaration.

" 3. Upon a fair construction of the contract in writing between the defendant and A. Y. Pearl, no authority is given to said Pearl to contract in behalf of the defendant for the materials described in the plaintiff's declaration."

The rulings were refused. The jury found for the plaintiff; and the defendant alleged exceptions.

*S. R. Cutler*, for the defendant.

*G. W. Reed*, for the plaintiff, was not called upon.

MORTON, J. This case is here on the defendant's exceptions, and the only question is whether the architect had authority to contract on the credit of the defendant for the lumber which is the subject of this suit. The lumber was delivered upon the defendant's premises and was used in the construction of a building which was erected thereon under the supervision and direction of the architect who was acting in relation thereto under a written contract between himself and the defendant. The defendant had no knowledge of the delivery of the lumber or that it was used in the construction of the building. The contract provided amongst other things that the defendant " should furnish said architect a sum of money sufficient to pay all lumber bills and material bills within such time after the delivery of the materials as will enable the architect to take the cash discounts "; and the contention of the defendant is that this and another similar provision in regard to the defendant's furnishing money to the architect to pay the bills excludes by necessary implication any power or authority on the part of the architect to pledge the defendant's credit therefor. But the contract provides in express terms that the architect shall " make all contracts for the furnishing and erection of the different portions thereof [meaning the building] for him [the defendant], and in his behalf "; that he shall " receive bids for the various parts of the work, and . . . make contracts therefor in the name of the owner "; and that the defendant shall " furnish by ten o'clock A. M. on each Saturday, such sums of money to cover the expenditures of the preceding week as may appear to be necessary from an estimate list made up by said architect and furnished said owner [the defendant] before the close of business on Friday preceding." This last provision clearly implies that the money is not to be furnished till after the bills are contracted and, when taken in connection with the provision that the architect is to make all contracts in the name of and in behalf of the defendant, plainly shows that it was contemplated and understood between the architect and the defendant that the former should have

authority to pledge the latter's credit for materials used in the construction of the building. The rulings requested were, therefore, rightly refused.

*Exceptions overruled.*