WILLIAM H. HALL *vs*. PEARL BATES & another, trustees.

Hampden.    October 20, 1913.—November 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence*, Of one controlling real estate, In building operations.    *Agency*, Scope of authority.    *Evidence*, Of agency.

If the owner of a building in process of construction assumes the duty of furnishing suitable appliances for the use of employees of an independent contractor who is constructing the building for him, he is liable to one of such employees for personal injuries resulting from an appliance so furnished not being reasonably safe.

A contract in writing between the owner of a building under construction and a firm of carpenters, which provided that the firm were "to perform and furnish all the carpenter work, except smoothing the floors," does not of itself preclude an employee of the firm, who was injured because a bracket supporting a staging upon which he was working was not reasonably safe, from showing, in an action against the owner, that the owner had undertaken the duty of furnishing the brackets for stagings for the use of the firm's employees.

At the trial of an action for personal injuries against the owner of a building in process of construction, brought by an employee of a firm of carpenters, who were under an independent contract with the defendant "to perform and furnish all the carpenter work, except smoothing the floors," it appeared that the injuries were caused by the breaking of a defective bracket supporting

a staging upon which the plaintiff was working. There was evidence tending
to show that the defendant was engaged in the business of developing land, of
which the land being built on was a part, that he had caused plans for the
building to be prepared and that he had entrusted the building operations to
a manager, to whom he gave full authority to order lumber and materials and
to superintend the work. The plaintiff offered to show that the brackets and
materials for the staging which broke were not owned or hired by the plain-
tiff's employers, but were brought to the premises by the defendant's manager.
He did not offer to show express authority from the defendant to his manager
to furnish the staging material. The evidence offered was excluded. *Held*,
that, on the evidence offered and on that which was admitted, the jury would
have been warranted in finding that it was within the scope of the authority
of the defendant's manager to undertake the furnishing of the appliances in ques-
tion, and that the evidence offered and excluded should have been admitted.

TORT for personal injuries suffered by the plaintiff by reason
of the falling of a staging upon which he was at work shingling the
roof of a house owned by the defendants, trustees of the Graves-
Bates Realty Trust of Springfield. Writ dated November 17,
1911.

The declaration was in eight counts. The first six were based
on allegations that the plaintiff when injured was in the employ of
the defendants. The seventh count alleged in substance that the
plaintiff was in the employ of Landry and Ouilette, a firm of car-
penters under contract with the defendants to do all the carpentry
upon the house where the accident occurred, that the defend-
ants had assumed the duty of furnishing the tools, appliances and
instrumentalities for the performance of the work, that it was their
duty to furnish safe tools, appliances and instrumentalities, that
they failed in that duty and thus caused the injury to the plaintiff.
The eighth count stated in substance that the plaintiff was in the
employ of an independent contractor with the plaintiff and was
injured "by reason of a defect in the condition of the ways, works,
machinery or plant which were the property of the defendants or
were furnished by them and which defect" was the result of negli-
gence of some person entrusted by the defendants with the duty
of inspection and repair.

The case was tried before *King*, J., who, after excluding certain
evidence offered by the plaintiff and described in the opinion,
ordered a verdict for the defendants. The plaintiff alleged excep-
tions.

The case was submitted on briefs.

*J. F. Malley & T. C. Malley,* for the plaintiff.

*W. H. Brooks & W. Hamilton,* for the defendants.

BRALEY, J.   By the giving way of a bracket supporting the staging where the plaintiff was at work shingling the roof of a house under construction by the defendants, he was thrown to the ground suffering personal injuries for which he seeks damages.   A verdict having been ordered for the defendants, the case is here on exceptions to the exclusion of evidence.

The plaintiff not having been in their employment, the seventh is the only count stating a cause of action, and the offers of proof having been properly made were sufficient if admitted in evidence to send the case to the jury on the questions of the plaintiff's due care, the assumption of the risk duly pleaded in the answer, and whether the bracket was a reasonably safe appliance.   *Cahill* v. *Phelps,* 198 Mass. 332.   *Noyes* v. *Boston & Maine Railroad,* 213 Mass. 9.   *Coughlin* v. *Boston Tow-Boat Co.* 151 Mass. 92.   *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575.   *Feeney* v. *York Manuf. Co.* 189 Mass. 336.   *Donahue* v. *C. H. Buck & Co.* 197 Mass. 550, 552, 553.   *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464, 467.   *Crimmings* v. *Booth,* 202 Mass. 17, 23.

But the plaintiff must show as alleged, that the defendants had assumed the duty of furnishing suitable brackets.   Wherever the duty of providing appliances or materials to the injured workman is undertaken this obligation arises, even if no contractual relation exists between the parties.   *Stewart* v. *Harvard College,* 12 Allen, 58.   *Mulchey* v. *Methodist Religious Society,* 125 Mass. 487.   *D'Almeida* v. *Boston & Maine Railroad,* 209 Mass. 81, 87, 88.   *Coughtry* v. *Globe Woolen Co.* 56 N. Y. 124.

Upon the evidence and offers of proof which were excluded, the jury under appropriate instructions would have been justified in imposing this liability.   The plaintiff's employers by their contract with the defendants were "to perform and furnish all the carpenter work, except smoothing the floors."   This agreement, even if the carpenters were to bring their tools ordinarily used, did not of itself preclude the plaintiff from showing that the defendants undertook to provide the stagings used in shingling the roof.   *Earnshaw* v. *Whittemore,* 194 Mass. 187, 191.

It appears that in the development of land owned by them, of which the lot in evidence was a part, the defendants caused plans

to be prepared. The building operations, however, according to the testimony of the defendant Bates, called as a witness by the plaintiff, had been entrusted to one Graves, with full authority to order lumber and materials, and to superintend the work. The plaintiff thereupon offered to show that the brackets and materials for the staging were supplied by Graves, but, upon the ground that no express authority had been shown, the evidence was ruled inadmissible until a proper foundation had been laid. Plainly the plaintiff was not limited in his proof as to the scope of the agency by the evidence of this witness, or bound to accept his statements as absolutely true.* If the order of proof is within the discretion of the presiding judge, as it certainly is, this ruling was adhered to, although the plaintiff repeatedly renewed the offer until the trial closed. No contract in writing between the principals and their agent existed, and the scope of the agency could be proved by any relevant testimony. "Limitations as between the principal and agent of an apparently general authority, not brought to the knowledge of third persons, do not affect the rights of the latter." *Brooks* v. *Shaw,* 197 Mass. 376, 380. *Lloyd* v. *Grace,* [1912] A. C. 716, 736, 737. The use by the defendants of the brackets and materials for the staging in the erection of their houses, the fact that they were not owned or hired by the contractors, and apparently had been brought to the premises by Graves acting in the course of his employment, were for the consideration of the jury in connection with the evidence of Bates, and the contract for the carpentry. *Bragg* v. *Boston & Worcester Railroad,* 9 Allen, 54. *McNeil* v. *Boston Chamber of Commerce,* 154 Mass. 277, 285, 286. *Rice* v. *James,* 193 Mass. 458, 463. *Brooks* v. *Shaw,* 197 Mass. 376. *Larivee* v. *A'Hearn,* 207 Mass. 288.

The plaintiff's offer of proof furthermore showed, that on the day of the accident the screw brackets provided by the contractors were all in use, and the jury could find that resort to the "small shingle brackets" furnished by Graves had become necessary or the work might be delayed. Apart from his ostensible powers, the plaintiff also had the right to have the jury determine whether in view of all the circumstances a mutual understanding did not

---

* Bates testified in cross-examination that he never had authorized Graves to furnish any appliances or equipment for the building while the contract between the defendants and Landry and Ouilette was in force.

exist between his principals and himself, that under his authority as general manager Graves could do whatever in his judgment he deemed reasonably requisite for the construction of the buildings in accordance with the plans, and if needed could supply materials or appliances to be used for stagings, even if they might not have been owned by his principals but were in their possession and control. *Taft* v. *Baker*, 100 Mass. 68. *Amory* v. *Kannoffsky*, 117 Mass. 351, 353.

It could not be ruled as matter of law, that no authority to represent the defendants had been shown, and evidence of conversations with him relating to these appliances accordingly was competent. It should have been admitted and the jury instructed, that unless upon the evidence independently of the agent's admissions they found that he had been empowered to act as the plaintiff contended, the defendants would not be bound. *Carberry* v. *Farnsworth*, 177 Mass. 398, 401, 402.

We are of opinion for these reasons, that on the face of the record there was a mistrial, and the exceptions must be sustained.

*So ordered.*