WILLIAM W. CASTLE *vs.* LEVI MAYER.

Plymouth. November 20, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Agency,* Scope of authority. *Bailment.*

If the owner of a country place gives his head gardener full charge of the work of constructing and equipping a greenhouse and its appurtenances and if the gardener, in putting up an iron railing around the cellar way in the head house, which forms a part of the greenhouse, hires certain tools at an agreed compensation, which he fails to pay, and also carelessly allows the tools to be injured by exposure to the weather, the owner of the tools can maintain an action of contract against the owner of the country place and greenhouse to recover compensation for the use of the tools and damages for a breach of the contract of bailment in failing to return the tools in the same condition that they were in when hired, reasonable wear excepted.

CONTRACT, with a count in tort, to recover an agreed compensation for the use of certain steamfitter's tools and damages for injury to the tools. Writ dated December 3, 1909.

In the Superior Court the case was tried before *Dana,* J. It appeared that the plaintiff was a steamfitter whose principal business was the equipment of greenhouses with heating apparatus, and that the defendant was a resident of Chicago who had a large estate in the southerly part of Plymouth known as Indian Hill Farm, upon which one Smith, mentioned in the opinion, was employed as head gardener. The material facts shown by the evidence are stated in the opinion.

The defendant asked the judge to make the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Every person dealing with an assumed agent is bound at his peril to ascertain the nature and extent of the agent's authority.

"3. The fact that the agent assumes to exercise a delegated power is sufficient to put the person dealing with him upon his guard and [to require him] to satisfy himself that the agent really possesses the pretended power.

"4. If one, having relied upon the pretended power of an agent, seeks to hold the alleged principal responsible, he must

be prepared to prove, if authority be denied, not only that the agency existed, but that the agent had the authority that he exercised.

"5. The authority of the special agent being in its nature limited, its scope must not be exceeded, and the agent's authority must be strictly pursued; and if it is not, the principal will not be bound.

"6. The scope of the general agent's authority must not be exceeded. On acting beyond the scope of his authority he binds only himself."

The judge refused to make these rulings except so far as they were incorporated in his instructions to the jury, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $336.75. The defendant alleged exceptions.

The case was submitted on briefs.

*H. B. Davis*, for the defendant.

*A. M. Rollins*, for the plaintiff.

BRALEY, J. The jury would have been warranted in finding upon conflicting evidence that, having decided to build a greenhouse on his country estate, the defendant gave to his "head gardener," one Smith, full charge of the work of construction, which included not only the carpentry, but the piping, steamfitting and equipment of the interior. If they were satisfied this relation existed, the defendant is bound by the contracts of his agent when acting within the scope of his authority. *Hall v. Bates,* 216 Mass. 140. It seems to have been undisputed, or, if questioned, the jury hardly could have reached any different result, that the iron railing around the cellar way in the headhouse formed part of the establishment denominated generally as a greenhouse; that Smith, who put up the railing himself, hired for the purpose the plaintiff's tools at an agreed rent which never has been paid, and that from exposure to the weather through Smith's carelessness the tools have been greatly injured.

The defendant apparently fails to recognize, that on these findings the rulings he requested could not be given as framed. The jury could find, even if the agent's authority was limited to the erection of the greenhouse, that it had not terminated when the tools were hired, and that, if they were not returned in like

good order and condition, reasonable wear excepted, there was a breach of the contract of bailment for which damages could be assessed. *Rotch* v. *Hawes,* 12 Pick. 135, 138.

The instructions, having pointed out in full and appropriate language the questions of law and fact on which the defendant's liability depended, the verdict should not be disturbed.

*Exceptions overruled.*