ACHILLES F. LAMONTAGNE *vs.* STANDARD LIFE AND ACCIDENT INSURANCE COMPANY.

Bristol.   January 2, 1917. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Agency,* Scope of authority.  *Insurance,* Against liability.

In an action on a policy of insurance against liability the plaintiff's right to recover depended on whether a person to whom the plaintiff gave a notice of the accident was the defendant's " duly authorized agent."   There was evidence on which the jury could find that the person to whom the notice was given had authority to countersign and issue to the plaintiff the policy on which the action was brought and to receive the premium for it and forward the amount of it less his commission to the defendant's home office, and that he had received from the defendant a general agent's commission, which authorized him to transact in behalf of the defendant a general liability insurance business, to sign contracts and approve transfers and assignments of policies and in general to do everything pertaining to the proper carrying out of all the business of the defendant.  *Held,* that the plaintiff was entitled to have his case submitted to the jury.

CONTRACT on a policy of liability insurance issued by the defendant to the plaintiff.  Writ dated May 21, 1913.

In the Superior Court the case was tried before *O'Connell,* J. The defendant, at some time before March 9, 1909, issued to the plaintiff a policy of liability insurance known as a Teams Liability policy, by which the defendant agreed to indemnify the plaintiff against loss from the liability imposed by law upon him on account of bodily injuries accidentally sustained by any person or persons by means of the draft or driving animals or vehicles of the insured.  One of the provisions of the policy was as follows: "The assured upon the occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable, to the Company at its home office, Detroit, Michigan, or its duly authorized agent.  He shall give like notice with full particulars of any claim made on account of such accident."

An accident occurred on or about March 9, 1909, which came within the provisions of the policy.  It was contended by the plaintiff that he gave such notice of the accident to Armel L. Audet of Fall River and that Audet was a duly authorized agent of the com-

pany. The defendant contended that the plaintiff did not give such notice in compliance with the terms of the policy.

The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to rule that on all the evidence the plaintiff was not entitled to recover. The judge refused to make this ruling, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,357.29. The defendant alleged exceptions.

The case was submitted on briefs.

*G. C. Dickson & C. S. Knowles,* for the defendant.

*A. G. Weeks,* for the plaintiff.

BRALEY, J. The defendant is not liable unless "immediate written notice" of the claim on account of the accident had been given to the company at its home office "or its duly authorized agent." It is conceded that he sent no notice to the home office.

The jury however could find that within three or four days after the accident a notice proper in form as a "team owners' report" was prepared at the plaintiff's request by one Audet, with whom, after being duly signed, the jury further could find it was left and accepted as a notice within the requirement. The question for decision is whether there was evidence which would warrant a finding that Audet was a "duly authorized agent" within the meaning of the policy.

We do not find it necessary to analyze the correspondence between the plaintiff, or Audet, and counsel for the company, which disclaimed any obligation to indemnify the plaintiff because no notice had been given. While its perusal may tend to show that the defendant understood that the scope of Audet's agency did not cover authority to receive and accept the notice, yet he was a witness at the trial, and the jury, even if his evidence was conflicting, could find that, not only was he empowered to countersign, issue the policy and receive the premium to be forwarded to the home office less his commission, but he had received from the defendant a general agent's commission which authorized him to transact in behalf of the defendant a general liability insurance business, to sign contracts and approve transfers and assignments of policies and in general to do everything pertaining to the proper carrying out of all the business of the company. If the jury found that he had been clothed with these powers, it followed that

the plaintiff was justified in assuming that notice to Audet would be a sufficient compliance with the condition. *Hall* v. *Bates*, 216 Mass. 140, 143, and cases cited.

The defendant's request that upon all the evidence the plaintiff was not entitled to recover could not have been given, and its exceptions must be overruled.

*So ordered.*