### ALLEN J. BROWN *vs.* WEST, STONE & CO.

January Term, 1897.

Present: ROSS, C. J., TAFT, TYLER, MUNSON and START, JJ.

*Agency—Notice of Limitation.*

One who purchases goods through an agent, and receives invoices at a list price, knowing that the principal is under contract with the manufacturer not to sell for less, is not justified in settling with the agent at a discount, without inquiring of the principal respecting the agent's authority.

ASSUMPSIT. Plea, general issue, with declaration in offset. Heard upon the report of a referee at the December Term, 1895, Windsor County, *Rowell*, J., presiding. Judgment for the plaintiff. The defendants excepted.

The referee found that if the plaintiff was entitled to the discounts he should have judgment for a sum stated, otherwise judgment should be for the defendants.

*W. W. Stickney* and *J. G. Sargent* for the defendants.

Fair dealing required the plaintiff to inquire of the principals rather than connive with the agent in attempting to reap the benefit of a breach of trust. He was put upon inquiry by the information he received. *Mussey* v. *Beecher*, 3 Cush. 511; *Quinlan* v. *Insurance Co.*, 133 N. Y. 356: 28 Am. St. 645.

*Frank A. Walker* for the plaintiff.

The defendants were bound by the contract for discounts because Andrews was held out as their general agent. *Putnam* v. *French*, 53 Vt. 402; *Cutler* v. *Boyd*, 124 Mass. 181; *Griggs* v. *Selden*, 58 Vt. 561.

The principal's secret instructions could not affect third parties. *Barber* v. *Britton*, 26 Vt. 112; *Walsh* v. *Pierce*, 12 Vt. 130.

TYLER, J.   In July, August and September, 1892, the plaintiff was a retail merchant in Ludlow in this State and the defendants were wholesale grocers in Springfield, Mass. They had in their employment one Andrews as a traveling salesman who was under instructions from them to sell certain "limited goods," so called, according to price lists which they furnished him, and at no other prices, and to make collections and receipt bills in their name as rendered from their office.   The defendants were under an express contract with the manufacturers of these goods not to sell them for less than the fixed prices.   During this time Andrews sold the plaintiff several bills of goods, including some that were "limited," and subsequently settled with the plaintiff and allowed him discounts as agreed upon at the time of sale.   Only the last three consignments are in controversy here.

The plaintiff had no express knowledge of the defendants' instructions to Andrews.   He knew that Andrews sold him these goods at list prices, that the orders therefor were sent to the defendants at list prices and that the defendants rendered him bills at those prices, but he supposed that the defendants knew and assented to the deductions and that they adopted this method to evade their contract with the manufacturers.

The salesman clearly had no authority from his principals to sell the limited goods for less than the fixed prices; but the plaintiff contends that the defendants held Andrews out to the public as their general agent and as having competent

authority to make the sales, and that they are bound by his acts. This would be the rule applicable to the case if the plaintiff did not know and had no reason to believe that the salesman's authority was limited. It was said in *Griggs* v. *Selden*, 58 Vt. 561: "In determining the liability of the principal the question is, not what authority was intended to be given the agent, but what authority was a third person dealing with him justified from the acts of the principal in believing was given him."

No principle is better settled in the law, nor is there any founded on more obvious justice, than that if a person dealing with an agent knows that he is acting under a circumscribed and limited authority, and that his act is outside of and transcends the authority conferred, the principal is not bound, and it is immaterial whether the agent is a general or special one, because a principal may limit the authority of the one as well as that of the other. See *Walsh* v. *Hartford Fire Insurance Co.*, 73 N. Y. 10.

The plaintiff must have known of the defendants' contract with the manufacturers, for the referee finds that he supposed that the defendants' practice of rendering him bills in accordance with the price lists and the agent making discounts on payment thereof were understood methods of evading the defendants' contract with the manufacturers not to sell below fixed prices. He knew that the defendants rendered him bills for the goods ordered by him through the salesman at the list prices, and that the salesman collected the bills of him at less than those prices. These facts were sufficient to have put the plaintiff on inquiry as to the extent of the agent's authority to make discounts. He should have inquired of the defendants whether the salesman was acting under their authority in making the deductions rather than have assumed that they were conniving to defraud the manufacturers.

*Judgment reversed and judgment for defendants.*