HARRIET E. BROOKS *vs.* EDWARD P. SHAW & others.

Suffolk. November 18, 1907. — February 27, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Practice, Civil,* Exceptions, Interrogatories. *Agency,* Undisclosed, Scope of Authority.

After a hearing before a judge of the Superior Court on a motion of a plaintiff in an action of contract to compel the defendant to answer more fully interrogatories propounded to him by the plaintiff, the judge granted the motion and the defendant excepted, but filed no bill setting forth his exception. Like exceptions were taken to subsequent rulings by different judges on similar motions of the plaintiff with regard to further answers which the defendant had filed to the interrogatories, but no bills were filed setting them forth. Subsequently there was a trial of the case before the judge who made the first ruling with regard to the answers to the interrogatories, exceptions were taken by the defendant to rulings in favor of the plaintiff made at the trial, and a bill setting forth such exceptions was filed more than twenty days after the last ruling as to answers to the interrogatories, and was allowed. This bill of exceptions also contained a full statement of all the rulings by the various judges as to the answers to interrogatories. *Held,* that upon the record no exception with regard to the interrogatories was before this court.

A firm who were engaged in the express business in Cambridge and Boston received, on a contract limiting liability to $50, goods worth $200 consigned to a person in Cambridge, and lost them in transportation. The consignee had a conversation with one who was an agent in charge of the express firm's business in Cambridge, who told him, in substance, to replace the goods and "he would settle for it." The consignee replaced the goods, but the express firm refused

to reimburse him, and he brought an action of contract against the members of the firm to enforce the agreement, at the trial of which before a judge without a jury, the judge found the following facts: The defendants had purchased the business from the father of the agent who made the promise to the plaintiff, who, before the purchase, had managed the business for his father, and whom the defendants had kept in their employment as agent in charge of the Cambridge business. The name under which the business was done by the agent's father had remained unchanged, but his authority as agent for the defendants to settle claims was limited to claims not larger than $3. The plaintiff, however, at the time of the promise of the agent, did not know of the sale of the business by the agent's father to the defendants, nor of the limitation of the agent's authority. The judge refused to rule that, because he did not know that the agent was acting for the defendant but thought he was acting for the agent's father, the plaintiff was bound by the agent's actual authority; but he did rule that the promise of the agent was within his ostensible authority and that the plaintiff was not bound by the limitation of authority of which he did not know. *Held*, that the rulings and refusal to rule were correct, since, after the existence of an agency, whether undisclosed or disclosed, is found, the rule that, to one who has no notice of a limitation of the agent's authority, the principal is responsible for all acts of the agent within the apparent scope of his authority, applies.

CONTRACT OR TORT to recover the value of goods of the plaintiff alleged to have been lost by the defendants who, being engaged in business under the name of "Sawin's Express," accepted them for transportation to the plaintiff. Writ in the Municipal Court of the City of Boston dated April 9, 1906.

On appeal to the Superior Court, after hearings before *Schofield*, J., *Fessenden*, J., and *Fox*, J., with regard to answers to interrogatories to the defendants filed by the plaintiff, the case was tried before *Schofield*, J., without a jury, who ruled and refused to rule as stated in the opinion, and found for the plaintiff; and the defendants alleged exceptions.

As to exceptions by the defendants to rulings of the various judges with regard to the answers to interrogatories, the record did not disclose that any bill containing such exceptions was filed, but the only bill of exceptions which was in the record was allowed by *Schofield*, J., and it set forth the interrogatory in question, with all the successive answers to it and the rulings of the various judges as to such answers.

Other facts are stated in the opinion.

*W. R. Buckminster*, for the defendants.

*A. H. Brooks*, for the plaintiff.

RUGG, J. The defendants first seek to raise questions as to the competency of an interrogatory, which they were compelled

to answer. The plaintiff objects that this is not open. The record discloses that the matter first came before a justice of the Superior Court, who ordered that the defendants be defaulted on September 27, unless the interrogatory should before that date be answered. The defendants thereupon claimed an exception to said order. Thereafter, the answer not being satisfactory, nor full, a motion was made before another justice of the Superior Court, who entered an order requiring the defendants to further answer. The defendants took a verbal exception to this order. Another incomplete answer having been filed by the defendants on November 1, 1906, a third justice of the Superior Court ordered that a further answer be filed, and to this order an exception was taken. Thereafter the cause proceeded to trial before the justice who made the first order, and the only bill of exceptions was allowed by him on the eleventh day of May, 1907. Upon this record no exception respecting the interrogatories is before us. The statute governing this question is R. L. c. 173, § 106 and Rule 44 of the Superior Court. The material-part of the rule is: "Exceptions alleged in the trial of a civil case shall be reduced to writing and filed, . . . within twenty days after the verdict or finding in the case is rendered, or after the opinion, ruling, direction, or judgment excepted to in a case not on trial is given, unless for cause shown further time is allowed by the court." It does not appear that any further time was allowed for filing exceptions in this case. The orders excepted to were made by three different justices of the Superior Court. It is irregular and improper to embrace in a single bill exceptions taken at different stages of the case before different magistrates. The only provision for an allowance of exceptions by any other than the justice before whom they are taken is in the case of disability, death or resignation, as provided in R. L. c. 173, § 108. Moreover, the rule requiring the exceptions to be filed within twenty days after the ruling or direction excepted to was not complied with as to any of these orders to answer interrogatories. Where exceptions are taken to interlocutory orders, the only course open, conformable to the statute and rule, is for the aggrieved party to file his bill of exceptions and have it allowed by the justice of whose act he complains. When the case is ripe for final judgment, or is in a condition to be finally

disposed of in the Superior Court if the exceptions are overruled, then all bills of exception allowed both as to interlocutory and final matters are to be entered in the full court. *Safford* v. *Knight*, 117 Mass. 281. *Lowd* v. *Brigham*, 154 Mass. 107. The general practice has been in conformity with this view. *Spinney* v. *Boston Elevated Railway*, 188 Mass. 30. *Toland* v. *Paine Furniture Co.* 179 Mass. 501. *Hancock* v. *Franklin Ins. Co.* 107 Mass. 113. *Robbins* v. *Brockton Street Railway*, 180 Mass. 51. *Soebel* v. *Boston Elevated Railway, ante*, 46.

The trial judge found that for a period of many years prior to September 1, 1904, one M. M. Sawin carried on an express business between Boston and Cambridge under the name of "Sawin's Express," and that Herbert E. Sawin was assistant manager. The defendants acquired the business in September, 1904, and continued to carry it on under the name of "Sawin's Express" in the same manner in which it had been carried on theretofore without change in the name, lettering on wagons, or bill heads, and Herbert E. Sawin was continued as the agent at Cambridge in charge of the business. In November, 1905, a dress belonging to the plaintiff was lost while being transported by Sawin's Express from Boston to Cambridge, it having been received from the consignor on a contract limiting liability in case of loss to $50. The defendants were unable to find the package, and Herbert E. Sawin in a conversation with an agent of the plaintiff said, in substance, that he preferred, rather than to pay for the one that was lost, that the plaintiff should get a new dress and that he would settle for it. At the time of this conversation neither the plaintiff nor her agent had any knowledge of the transfer of Sawin's Express to the defendants, but believed that it was being carried on by the same persons as before the sale. Herbert E. Sawin disclosed no agency, and purported to act as principal, but in fact had no authority to bind the defendants by the proposition made, his instructions being to refer all claims in excess of $3 to the Boston office. No notice of this limitation of authority was brought home to the plaintiff or her agent. The judge further found that Herbert E. Sawin in dealing with the plaintiff and her agent was in fact agent for the defendants, who were undisclosed principals, and ruled that the plaintiff had a right of action against the defend-

ants, and that they could not set up the limitation which they had imposed upon the authority of Sawin and found for the plaintiff. The judge also refused to rule that if at the time of the promise the plaintiff and her agent supposed that M. M. Sawin was the owner of the Sawin's Express, and did not understand or know that Herbert E. Sawin was acting for the defendants, then the plaintiff was bound by the actual authority of Herbert E. Sawin. The defendants' exception to the judge's refusal to give this ruling and to the ruling actually made brings the case before us.

The defendants held out Herbert E. Sawin as their agent to transact their business in Cambridge. He had express authority to settle claims not exceeding $3. The doctrine that an undisclosed principal may be charged with responsibility for and avail himself of the benefit of the acts of his agent is well settled. *Byington* v. *Simpson*, 134 Mass. 169. It follows from this, that, when the relation of principal and agent is found to exist, the ordinary rules of responsibility of the principal to third persons for the act of his agent are established. The principal is responsible for all acts of the agent within the apparent scope of his authority, or, to use the phrase of Mr. Justice Holmes in 5 Harvard Law Review, 1, "If, under the circumstances known to him, the obvious consequence of the principal's own conduct in employing the agent is that the public understand him to have given the agent certain powers, he gives the agent those powers. . . . An agent's ostensible powers [are] his real powers." Limitations as between the principal and agent of an apparently general authority, not brought to the knowledge of third persons, do not affect the rights of the latter. One of the usual incidents of carrying on business is to settle the losses that occur in connection with that business. By an arrangement between the defendants and Herbert E. Sawin, the agent's authority as to losses was limited to $3, but his ostensible powers gave no notice of any limitation upon the extent of his authority in this respect. Therefore the plaintiff was not bound by it. *Watteau* v. *Fenwick*, [1893] 1 Q. B. 346. *Edmunds* v. *Bushell*, L. R. 1 Q. B. 97. *Spurr* v. *Cass*, L. R. 5 Q. B. 656. *Irvine* v. *Watson*, 5 Q. B. D. 414.

*Exceptions overruled.*