HENRY A. BASCOMBE & another *vs.* ANTONIO INFERRERA.

Middlesex. January 29, 1930. — May 26, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Agency*, Scope of authority. *Sale*, Price. *Practice, Civil*, Ordering verdict, Requests, rulings and instructions, Common Law Rules of the Superior Court 44, 46 (1923), Verdict, Exceptions. *Rules of Court. Evidence*, Presumptions and burden of proof. *Accord and Satisfaction. Contract*, Consideration. *Payment.*

At the trial of an action for a balance alleged to be due for flour sold to the defendant through a salesman of the plaintiff, there was evidence that the price of flour varied from time to time; that for more than a year after the defendant commenced buying flour from the plaintiff, he paid the regular invoice prices; that thereafter for nearly two years he paid "contract prices," which were less than the invoice prices; that the salesman had no actual authority to sell for prices different from the invoice prices, except occasionally under "contracts" approved by the plaintiff; that the salesman never informed the plaintiff that the defendant was paying only "contract prices"; that the plaintiff never approved the "contracts" with the defendant; that the defendant, after each purchase of flour, received an invoice showing the regular invoice prices; that he asked the salesman why there was a discrepancy between the invoice prices and the "contract" prices; and that the salesman "told him not to mind that, that the office had made a mistake." There was no evidence that the defendant knew that the salesman had no actual authority to make "contracts" with him. It *was stated* that, in the circumstances, the authority of the salesman to sell included an implied power to make contracts fixing the price; and that a finding was warranted that the making of the "contracts" with the defendant was within the ostensible authority of the salesman and binding on the plaintiff: the circumstance, that the defendant paid the invoice prices for a period of more than a year, did not, as a matter of law, charge him with knowledge that the salesman did not have actual authority to fix "contract prices" thereafter.

At the trial above described, the defendant testified that, at the time he made his last payment to the salesman, the amount due was $823; that the salesman told him it was all right to make a check for $800 only; that, at his request, the salesman made out the check for $800 and wrote on the stub "payment in full"; that he did not have those words written on the check itself for fear that it might be lost; and that he owed the plaintiff $23. The amount claimed by the plaintiff was several thousand dollars. The plaintiff requested and the trial

judge refused a ruling that "on all the evidence and law your verdict must be for" the plaintiff. The plaintiff saved an exception. The jury found for the defendant. *Held*, that

(1) Since the ruling requested did not mention any sum as damages and therefore did not include both the elements necessary to a verdict for the plaintiff under Common Law Rule 46 of the Superior Court (1923), it was not in substance a request that the judge order a verdict for the plaintiff, and did not present a question which, under Common Law Rule 44 of the Superior Court (1923), could be raised only by a motion;

(2) The defendant was bound by his testimony that he owed the plaintiff $23;

(3) On the defendant's testimony, the giving of the check for $800 was not in settlement of a disputed or unliquidated claim, and there was no consideration for remitting the $23 balance: the plaintiff was entitled to recover at least $23;

(4) In the circumstances, the ruling should have been given;

(5) The plaintiff's exception was sustained and a new trial was ordered.

CONTRACT OR TORT. Writ dated March 15, 1927.

Material evidence and rulings requested by the plaintiffs and refused by the judge at the trial in the Superior Court before *Macleod*, J., are stated in the opinion. The jury found for the defendant. The plaintiffs alleged exceptions.

The case was submitted on briefs.

*R. P. Dellinger*, for the plaintiff.

*F. H. Pardee*, for the defendant.

CROSBY, J. This is an action of contract to recover $4,883, the balance, the plaintiffs claim, due for one thousand, eight hundred and forty-seven barrels of flour at $8 to $11.50 per barrel, sold and delivered to the defendant from August 14, 1924, to and including June 1, 1926. The plaintiffs' amended declaration is upon an account annexed. The defendant's answer is a general denial and payment. The defendant testified that he began purchasing flour from the plaintiffs in May, 1923, and from that time until August, 1924, paid the regular invoice price for all flour delivered before the last named date.

The plaintiffs were wholesale dealers in flour, hay and grain, and between August 14, 1924, and June 1, 1926, through one Shaughnessy, a salesman in their employ, sold flour to the defendant who conducted a bakery. The

plaintiffs introduced evidence that the salesmen were given
a price list of the different grades of flour, and would sell
to customers at the price stated in the list; that the cus-
tomer would sign the order or sales slip, or it would be
signed by the salesman; that the salesmen had no au-
thority to sell at prices different from those stated in the
list unless the order or sale was approved by a member
of the plaintiffs' firm; that occasionally a salesman would
sell to a customer flour under a contract, which had to
be approved by a member of the firm. Shaughnessy testi-
fied that he supposed the defendant had contracts with
the plaintiffs but that he did not know of any such con-
tracts having been approved by a member of the plaintiffs'
firm; that when he collected for the flour sold the de-
fendant after August, 1924, "he collected as if the flour
had been sold at a contract price" for $7, $8 and $8.25 per
barrel, but he never made this fact known to the plaintiffs
who mailed invoices at the current price, as shown on the
plaintiffs' amended declaration, the day following the de-
livery of the flour. The plaintiffs also introduced evidence
that no member of their firm approved any contract with
the defendant for the sale of flour at the prices as testified
to by Shaughnessy, and that he had no authority to make
such contracts with the defendant.

The defendant testified that he had a contract with the
plaintiffs beginning in August, 1924, to purchase flour at
$7 a barrel, which expired in the spring of 1925, when he
entered into another contract at $8 a barrel; that the sec-
ond contract continued in force until the first of the year
1926, when he entered into a third contract at $8.25 a
barrel which did not terminate until he sold his business
in June, 1926; that he received all the invoices the day
following the delivery of the flour showing the prices as
stated in the plaintiffs' amended declaration; that he
asked Shaughnessy why the invoice price was different
from the contract price, and that Shaughnessy "told him
not to mind that, that the office had made a mistake." The
defendant further testified on direct examination that on
June 16, 1926, when he gave Shaughnessy a check for $800,

he asked Shaughnessy to make out the check and to write on the stub "payment in full," which was done; that the bill for the flour purchased previous to that date amounted to $823.75 but that Shaughnessy told him it was all right to make the check out for only $800; that this salesman frequently made out checks payable either to himself or to the plaintiffs' firm and that the defendant signed them. On cross-examination the defendant was asked if he owed the plaintiffs anything at the present time and he replied "Yes, $23.75 . . . that . . . ($23.75) was all he owed the plaintiff . . . ."

The rule is well established that a principal is bound by the ostensible powers which he gives to his agent, whatever may be the limitations of that authority as between them. Persons dealing with an agent whose powers are plainly limited are bound to act accordingly. *Brooks* v. *Shaw*, 197 Mass. 376. *Danforth* v. *Chandler*, 237 Mass. 518. *American Railway Express Co.* v. *Mohawk Dairy Co.* 250 Mass. 1, 11. *Hale* v. *Texas Co.* 264 Mass. 246. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 518. Shaughnessy as a salesman of the plaintiffs was authorized to make sales of flour. There was evidence that the prices of flour were subject to change from time to time. The authority to sell under the circumstances included an implied power to make contracts fixing the price. *Hale* v. *Texas Co. supra.* There is nothing to show that the defendant had knowledge that there was any limitation upon the power of the salesman in this respect. It follows that contracts made by Shaughnessy with the defendant could have been found to be binding upon the plaintiffs. The fact that in his dealings with the plaintiffs from May, 1923, to August, 1924, the defendant had purchased flour at the invoice prices did not as matter of law charge the defendant with knowledge that the salesman did not have authority to make sales to the defendant in August, 1924, and thereafter, for less than the invoice prices. Whether the salesman had such authority, and whether the defendant acted in good faith in reliance upon the contracts entered into with the plaintiffs' agent were questions of

fact for the jury to determine upon all the evidence. The facts in the present case are distinguishable from those in *Rogers* v. *Holden*, 142 Mass. 196, where it appeared that the defendants ordered goods of the plaintiffs' agent at a certain price, and the agent and the defendants combined to deceive the plaintiffs. *Brown* v. *West, Stone & Co.* 69 Vt. 440, cited by the plaintiffs, is not pertinent to the facts in the case at bar. There was evidence in the present case that the defendant could have purchased from other dealers during the years 1924, 1925 and 1926 for about the same prices he paid the plaintiffs' salesman.

At the close of the evidence the plaintiffs made certain requests for instructions to the jury, and excepted to the failure of the trial judge to give those numbered one, five, six and nine, which are as follows: "1. That on all the evidence and law your verdict should be for the plaintiffs." "5. An agent cannot bind his principal by an agreement to give a rebate or an allowance where the circumstances are such as to put the third party on inquiry as to the extent of the agent's authority." "6. That on all the evidence in this case the burden is upon the defendant to show that the salesman, Shaughnessy, had authority to accept less than the invoice price for the flour in question." "9. That on all the evidence plaintiffs' salesman had no authority to accept less than the invoice price of the flour as stated in the plaintiffs' declaration."

The defendant contends that the first request was rightly refused; that to have given it would, in substance, have directed the jury to return a verdict for the plaintiffs in violation of Common Law Rule 44 of the Superior Court (1923) which is in part as follows: "The question whether the court should order a verdict must be raised by a motion. Such question shall not be raised by a request for instructions to the jury." See *Patton* v. *DeViney*, 259 Mass. 100, 102; *Bray* v. *Hickman*, 263 Mass. 409, 416. On the record there were two possible findings, one for the amount claimed to be due by the plaintiffs, and one for $23.75 on the admission of the defendant. The first request properly construed was not a request that the judge order a verdict.

Rule 46 of the Superior Court states: "The general form of verdicts shall be as follows: if for the plaintiff, '*The Jury find for the Plaintiff, and assess damages in the sum of          .*'" Under the rule a verdict for the plaintiff shall consist of two elements, (1) a finding for the plaintiff, and (2) an assessment of damages. Where either of these elements is lacking there is not a verdict for the plaintiff. A verdict for a plaintiff where damages are sought must of necessity, in order to be a verdict, include a finding for the plaintiff, and a decision relating to damages. The request did not cover all the issues the jury must decide, and therefore is not a request for a directed verdict. If such a request were granted the judge would not state to the jury what verdict to return. He would be obliged to instruct them upon damages, and submit the form prescribed by Rule 46 for them to fill out in accordance with their assessment of damages.

The defendant testified that he owed the plaintiff $23.75. He was bound by that testimony. *Ebert* v. *Haskell*, 217 Mass. 209, 212. *Williams* v. *Pittsfield Lime & Stone Co.* 258 Mass. 65, 69. On that testimony the jury would be required under proper instructions to return a verdict for the plaintiffs for at least that sum. The plaintiffs claimed a balance of $4,883 after the last payment of $800 had been made by the defendant. The defendant admitted that he still owed $23.75, and the plaintiffs were entitled to recover that sum if the jury thought that was all they were entitled to. It is recited in the bill of exceptions that "The defendant testified on direct examination that when the last check for $800 was given to the plaintiffs' salesman on June 16, 1926, he asked the salesman to make out the check and requested that the salesman write on the stub of the check 'payment in full,' which was done; that he did not have the salesman write on the check itself 'payment in full' because he thought the check might be lost; that the bill for flour purchased previous to that date amounted to $823.75 but Mr. Shaughnessy told him it was all right to make the check out for only $800." That testimony in its aspect most favorable to the defendant did not prove settlement of a disputed or unliquidated

claim. The balance unpaid was a pure gift by Shaughnessy. Even if the statements had been made by the plaintiffs themselves there would have been no consideration for remitting the $23.75 and they could still collect it. *A fortiori* they can recover when the gift was made by an agent manifestly outside the scope of his authority. *Specialty Glass Co.* v. *Daley*, 172 Mass. 460. *Barnett* v. *Rosen*, 235 Mass. 244, 248, and cases cited. *Moss* v. *Goldstein*, 254 Mass. 334.

As the exception to the failure to give the first request for the reasons stated must be sustained, the other exceptions need not be considered as they may not be material or may be presented in a different form at another trial.

*Exceptions sustained.*