Jones, P. J.
This is an action of contract by plaintiff as assignee, of the account involved to recover $611.27 for beer sold and delivered by plaintiff’s assignor to the defendant, and for bad checks given by the defendant to the plaintiff.
The defendant filed a declaration in set-off, alleging a contract with plaintiff’s assignor, whereby defendant agreed to purchase beer of plaintiff’s assignor at $7.50 per half barrel, provided the defendant purchased all the beer sold by him of the plaintiff’s assignor for the year 1935, with the further proviso that defendant was to pay $8.25 per half barrel and recover the difference between what he paid and the agreed price upon his demand; that the defendant paid $8.25 per half barrel and bought beer exclusively of plaintiff’s assignor for year 1935 and made demand for the difference between what he paid and the agreed price. The plaintiff, in answer to the declaration in set-off, admitted non-payment of any rebate, denied defendant’s other allegations and alleged if any person, purporting to act in behalf of the plaintiff’s assignor, entered into the contract alleged by the defendant, such person was without authority to enter into such contract.
Defendant in set-off testified that he agreed to purchase beef of plaintiff’s assignor for $7.50 per half barrel, but that he was to pay $8.25 per half barrel and receive the difference between this price and said $7.50; that such was the trade made by him with one Natale, the salesman of the plaintiff’s assignor, who took the orders, fixed the price to be paid and at times collected the money for the beer sold; that the larger price was paid and the arrangement kept from plaintiff’s driver so that it should not be known that the defendant was purchasing at jobber’s prices; that the defendant would receive this rebate any time he wanted *26 or should demand it; that the defendant preferred it to accumulate so that he could get it at the end of the year and apply it to the payment of his license fee; that the price of beer had changed several times while he was in the employ of plaintiff’s assignor. It was admitted also that it was part of Natale’s work to quote prices for beer sold.
There was further evidence that the vice-president of Harvard Brewing Co. called upon the defendant to see why he did not buy beer of the company and was then told by the defendant of the arrangement above stated relative to the purchase of beer by him. At this interview there was no statement made by the vice-president either that Natale was without authority to make the sales as claimed by the defendant or that Natale had no authority to make the alleged arrangements about the sale of the beer. We cannot, therefore, see why the trial judge was not warranted in finding for the defendant on his declaration in set-off.
We do not think request number 3 was in point. The request fails to cover the case as it must have appeared to the trial judge; it was hardly pertinent to the evidence in the case.
A principal is bound by the ostensible authority with which he clothes his agent, whatever may be the limitations of that authority as between them. Brooks v. Shaw, 197 Mass. 376; American Railway Express Co. v. Mohawk Dairy Co., 250 Mass. 1, 11.
We think"the agent Natale in this case, in making the price for the beer, was acting within his ostensible powers.
The defendant was not aware of any limitation upon his authority to act when he made the price for the beer sold, even though the agent may have exceeded the limitation of his authority.
*27 Hale v. Texas Co., 264 Mass. 246, 247, and cases there cited. The rule has been stated thus:
“The ostensible powers of an agent are his real powers, and limitations as between principal and agent of an apparently general authority not brought to the knowledge of third persons do not affect the rights of the latter.” Hale v. Texas Co., 264 Mass. 247.
In the case at bar it is very significant and of vital force that in the interview between the vice-president of the assignor of this account in question and the defendant, no claim was made that the agent Natale was not authorized to sell the beer upon the terms claimed by the defendant.
“The rule is well established that a principal is bound by the ostensible powers which he gave to his agent, whatever may be the limitation of that authority between them.” Bascombe v. Inferrera, 271 Mass. 296.
No evidence of any limitation of the authority of Natale is shown; in fact his authority to deal with the defendant as he did was not questioned by the vice-president of the plaintiff’s assignor when he called on defendant in relation to the bill.
The report is dismissed.