No. 2754          Northern          Essex, ss.

MacNEIL BROS. COMPANY          (Fox & Orlov)
v. TANZELLA et al          ( Philip Massarella)

From the First District Court of Essex—Murphy, J.

Argued June 23, 1941—Opinion filed Oct. 20, 1941

JONES, P. J. (Pettingell, J., and Sullivan, J.)—This is an action of contract, in which the plaintiff seeks to recover damages against the defendants for breach of a written contract made August 15, 1938, to segregate, load and deliver riprap and crushed stone to the Cape Cod Canal for use by the United States Government in the repair of said Canal.

The contract, in behalf of the plaintiff, was signed "Mac-Neil Bros. Company, by A. M. MacNeil," and in behalf of

the defendants by Edmund Scotti and Nicholas Tanzella &
Sons, by Philip Tanzella."

The Court found for the plaintiff against the defendants
Scotti and Philip Tanzella, in the sum of one thousand dollars
with costs, and in favor of the defendant Nicholas Tanzella,
father of said Philip Tanzella.

The plaintiff, claiming to be aggrieved by the rulings and
refusals to rule as requested in respect to the defendant
Nicholas Tanzella, the court reported the same to this Division
for determination, upon the express stipulation by both of the
parties, that in the event the Court erred judgment is to be
entered for the plaintiff in the amount of the damages found
by the Court, to wit:—one thousand dollars, plus interest,
otherwise judgment to be entered for the defendants.

The principle has been laid down by numerous decisions
that a trial judge sitting without a jury must correctly instruct
himself as to the governing rules of law, and must pass upon
pertinent requests for rulings of law presented to him for this
purpose in such a way as to make it plain that he has not fallen
into error. *Pevey* v. *Colonial Beacon Oil Co.* 294 Mass. 86,
93. *Home Savings Bank* v. *Samuel Savransky et al,* 307 Mass.
601.

Plaintiff's requests 10, 11, 16 and 17 were properly denied.

It is difficult, however, to reconcile the refusal of the trial
judge to grant plaintiff's requests numbered 7, 9 and 15 with
his giving plaintiff's requests for rulings above referred to, and
his findings of facts.

Plaintiff's request number 9 constituted in substance, a re-
statement of G. L (Ter. Ed.) c. 108-A, s. 16 (b), (2). Clearly
that statute is a guidepost to the correct disposition of the issues
involved in this case.

The judge's failure to give that request and also plaintiff's
request number 15 raises the doubt as to whether or not he
properly instructed himself on the law applicable to the issues.

It is clear also that the evidence in the case warranted a
finding that the plaintiff was lead to believe, directly or in-
directly by the defendants that Philip Tanzella was either
ostensibly a partner or authorized to act as a partner in the
business of N. Tanzella & Sons and, believing so, the plaintiff
acted on such holding out even though the judge could have
actually found otherwise.

It appears, therefore, from the findings and rulings, that
the judge found in substance that the plaintiff entered into a
contract with N. Tanzella & Sons following the representa-
tions of Philip that Nicholas was a partner with him in the
firm of N. Tanzella & Sons; that Nicholas permitted such
representations; that there was a public holding out by Nicholas
that Philip was his partner and that an apparent partnership
did exist between Philip and Nicholas as N. Tanzella & Sons;
yet, the judge found that Nicholas was not liable,—apparently

[ 145 ]

on the theory that the plaintiff was not mislead by the representations made to him when he executed the contract and extended credit to N. Tanzella & Sons. Without considering further the question of ostensible and apparent partnership, as raised by the report, findings of fact and requests for rulings, it seems to us clear that Philip Tanzella was the authorized agent of Nicholas Tanzella & Sons in making the contract with the plaintiff, and that Nicholas Tanzella is liable on said contract.

The Court granted plaintiff's request number 6b, that the evidence in this case warrants a finding "that Philip Tanzella was authorized to act in the name and on behalf of the proprietor or proprietors of the business operated under the name and style of N. Tanzella & Sons."

If the defendant Nicholas Tanzella consented that the defendant Philip should represent him to be a partner with him under the name of N. Tanzella & Sons, and allowed himself to be so held out, and if an apparent partnership under the name of N. Tanzella & Sons did exist between Philip and Nicholas, all of which the Court found, Nicholas Tanzella as a proprietor of the business is liable to the plaintiff as a principal, whese agent was his son Philip.

It has frequently been held that a principal is bound by the ostensible powers which he gave to his agent, whatever may be the limitation of that authority between them. *Bascombe* v. *Inferrera,* 271 Mass. 296. In *Brooks v. Shaw,* 197 Mass. 376, at page 380, appears the following from Mr. Justice Holmes in 5 Harvard Law Review, 1,—"If, under the circumstances known to him, the obvious consequence of the principal's own conduct in employing the agent is that the public understand him to have given the agent certain powers, he gives the agent these powers. . . . An agent's ostensible powers (are) his real powers."

We are unable to find in this record any evidence that the plaintiff did not rely on the representations made to him and it is undisputed and found by the court that the plaintiff entered into and executed a written contract with N. Tanzella & Sons.

It seems to us, considering the whole report, that the trial judge did not duly consider the legal questions raised by certain of the plaintiff's requests; that his ultimate finding that Nicholas Tanzella was not liable is inconsistent with certain of his subsidiary findings, and that his error is prejudicial to the plaintiff with respect to the question of liability of the defendant Nicholas Tanzella.

The finding for the defendant Nicholas Tanzella is reversed and, in accordance with the stipulation of the parties, judgment is to be entered for the plaintiff in the sum of one thousand ($1000) dollars, with interest from the date of the writ.