*Southern Division*

## NORTH BAY COATS, INC.
### v.
## FRANKLIN PARK KIDDIE SHOP, INC., d-b-a CAMPERS SHOP

*Present:* Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Colten, J.*, in the Municipal Court of Brookline. No. 370 Civil of 1960.

*Cox, J.* The plaintiff in this action of contract seeks to recover $203.25 for women's coats sold and delivered to the defendant.

The only matter for consideration relates to evidence which the judge admitted over the plaintiff's objection. The evidence in question, being of obvious if not decisive importance, the judge reported his action for our consideration before deciding the case. G. L. c. 231, §108.

One Joseph Margolin, president of the de-

fendant corporation, testified that he was at the plaintiff's place of business in New York during September of 1959 when he bought the merchandise. He further testified that he there saw a female person behind a counter on the plaintiff's premises. He did not know her name nor if she were actually in the plaintiff's employ. He described this person as of average height, with brown hair, and rather attractive. He stated he overheard part of conversations between this person and others who, he assumed, were also buyers. What he overheard related to the sale of merchandise. He told her, in response to her offer to help him, that he was there because he had seen the coats advertised. He asked her for the price of the coats and told her that he had seen similar coats sold for less in the local market. She replied that those were not hers. In reply to a question whether he had any conversation with the female person concerning the return of the merchandise in question, he replied, "Yes". To this there was no objection. To the next question: "What were those circumstances upon which you could return the merchandise to the plaintiff?" the plaintiff objected and claimed a report when the judge allowed the question to be answered. Margolin answered: "I asked her if these coats were sold at less money at other retail stores, could I return them and she said 'yes'."

Margolin testified that after he sold a "couple of coats", customers returned them,

because other coats having the same label were being sold for twenty-five ($25.00) dollars. That was his reason for returning them to the plaintiff. Margolin returned the coats to the plaintiff in November 1959 by Railway Express, prepaid, but the plaintiff refused to accept them.

No evidence was adduced of any particular retail stores selling the coats "for less than the usual price", nor of the area in which the defendant did business. There was no evidence of the defendant's price to its customers.

"It is established as law in this Commonwealth that a principal is liable on a contract made in his behalf by an agent, if the agent, in making it, is acting within his ostensible powers, and the other contracting party is not aware of limitations upon the agent's authority which are exceeded by him in the transaction. *Brooks v. Shaw,* 197 Mass. 376. *American Ry. Ex. Co. v. Mohawk Dairy Co.,* 250 Mass. 1, 11. The rule has been stated as follows: 'The ostensible powers of an agent are his real powers, and limitations as between principal and agent of an apparently general authority not brought to the knowledge of third persons do not affect the rights of the latter.' *Danforth v. Chandler,* 237 Mass. 518, 522, citing *Sanford v. Orient Ins. Co.,* 174 Mass. 416, 423, *Brooks v. Shaw, supra,* and *Hall v. Bates,* 216 Mass. 140, 143." That quotation is from *Hale v. The Texas Company,* 274 Mass. 246. See also *Bascombe v. Inferrera,* 271 Mass. 296, 299.

■ The questions we must decide in order to ascertain if the reported question and answer were properly admitted in evidence by the judge are whether the female person could be found to be the plaintiff's agent, and if that finding is permissible, whether she possessed apparent or ostensible authority to bind the plaintiff as her principal.

In our opinion there was no error in admitting the answer of Margolin.

It could be found that the female person described by Margolin had apparent or ostensible authority to sell the plaintiff's merchandise as its agent. It is significant in this connection that the coats were in fact shipped by the plaintiff to the defendant, redelivery was refused, and action was brought by the plaintiff to recover the cost of the coats. Margolin overheard the female person converse with others about the sale of merchandise at the plaintiff's place of business. Sufficient evidence appears to warrant findings that the female person described was ostensibly the plaintiff's agent to sell the plaintiff's goods and as such to fix the price and agree to accept the return of the goods because of price variations under the circumstances described by Margolin. *Hale v. The Texas Company,* 264 Mass. 246. *Bascombe v. Inferrera,* 271 Mass. 296, 299.

What we have said relates only to the admissibility of the evidence objected to by the plaintiff. Its credibility and weight were for

the judge, who was within his rights, to accept or reject it.

Cyril Hochberg of Boston, for the Plaintiff.

Lawrence D. Shubow of Boston, for the Defendant.