Rockingham,
No. 4999.

HOLMAN-BAKER CO., INC. *v.* PRE-DESIGN, INC.

Submitted March 7, 1962.

Decided April 3, 1962.

*J. Morton Rosenblum* for the plaintiff, furnished no brief.

*Perkins, Holland* and *Donovan* for the defendant, furnished no brief.

KENISON, C. J. In the world of credit there is emerging a rule, consistent with modern business practices, under which a principal is bound by the promise of his general agent, whether or not authorized, when such promise is made within the scope of the agent's power. Mearns, Vicarious Liability for Agency Contracts, 48 Va. L. Rev. 50 (1962). The rule has been developed and nur-

tured over some period of time by an eminent authority. Seavey, The Rationale of Agency, 29 Yale L. J. 859 (1920) and Agency Powers, 1 Okla. L. Rev. 3 (1948) reprinted in Seavey, Studies in Agency 181 (1949). The rationale of the rule is not based on express authority, implied authority, apparent authority or estoppel "but [is derived] solely from the agency relation and exists for the protection of persons harmed by or dealing with a servant or other agent" and is described as "inherent agency power." Restatement (Second), Agency, s. 8A.

In the present case it is obvious that the plaintiff did not and could not rely on Cochrane as a person who had apparent authority to act as an agent of the defendant at the time the merchandise was sold. It is true that there are many cases in many jurisdictions holding the undisclosed principal liable where the discussion has been in terms of apparent authority but this theory will not always hold water even though the result reached is correct. See *Hatch* v. *Taylor*, 10 N. H. 538; *Brooks* v *Shaw*, 197 Mass. 376; *Watteau* v. *Fenwick* [1893] 1 Q. B. 346; cf. Restatement (Second), Agency, s. 194, *comment* a. An undisclosed principal, when discovered, may be held liable upon mercantile contracts made by an agent within the scope of the agent's authority, although the contract was originally made with the agent in entire ignorance of the principal. *Manchester Supply Co.* v. *Dearborn*, 90 N. H. 447; Mechem, Outlines of the Law of Agency (4th *ed.* 1952) s. 151. Restatement (Second), Agency, s. 161, *comment* a and s. 195.

The old rule that the president of a corporation has no inherent power to make a contract binding on the corporation (*Hilliard* v. *Railroad*, 77 N. H. 129; *Wait* v. *Association*, 66 N. H. 581) has been severely criticized. "It is high time, at this day when corporations are so common and when so much of the business of the country is transacted by them, to break away from the early rules laid down when corporations were more or less in their infancy, and to cease blindly following precedents in regard to this matter, and to adopt the sensible rule, in accordance with the well-recognized ideas of the people at large, that a president of a corporation is the head of the corporation subject to the control of the board of directors as to matters out of the ordinary, but with power to bind the corporation in regard to contracts involved in the everyday business of the corporation, such as . . . purchasing supplies and other property necessary to run the company . . . . " 2 Fletcher, Corporations (1954 Rev. vol.) s. 558. Presumably the

Trial Court in this case thought it was "high time" to hold the defendant liable for the purchase made by Cochrane from which the defendant benefited when the purchaser was president, treasurer, director and manager of the defendant corporation.

"An undisclosed principal who entrusts an agent with the management of his business is subject to liability to third persons with whom the agent enters into transactions usual in such businesses and on the principal's account, although contrary to the directions of the principal." Restatement (Second), Agency, s. 195. In this case the verdict is supported by the evidence and defendant's motion to dismiss was properly denied. 1 O'Neal, Close Corporations, s. 1.15 (1958).

*Judgment on the verdict.*

All concurred.